William C. Hecht, Jr., J.
In these condemnation proceedings, the city entered into a stipulation with claimants and with Bankers Trust Company (the latter acting as agent for itself and other banks). The stipulation recited that Bankers had filed notices of claim and proofs of title showing a total amount of $2,689,999.90 as the balance of principal due on the date of vesting of title in the city, under certain conditional sale contracts covering 230 omnibuses taken in the proceeding. It recited further that appraisals made by and on behalf of the city indicate that the aggregate value of said 230 omnibuses is at least that amount, such value being specifically allocated among the five proceedings involved.
‘ ‘ Whereas, Bankers desires to avoid the necessity of submitting proof of the value of said 230 omnibuses at the trial of this proceeding,” it was stipulated that “ the City of New York agrees that the aggregate fair market value of the omnibuses described in the Proofs and Notices served and filed by Bankers when title was vested in the City was at least $2,689,999.90, and that at least this amount was just and reasonable compensation at that time for the aforesaid buses. ” “ The appraisal of the City of New York offered in evidence at the trial of this proceeding will reflect an aggregate valuation for the aforementioned 230 omnibuses of no less than” the foregoing amount. “ Bankers will not be required to submit proof of value at the trial of this proceeding insofar as it relates to the determination of just compensation for the said 230 omnibuses.”
On the basis of the foregoing stipulation, Bankers (supported by claimants) moves for partial summary judgment for $2,689,999.90 pursuant to subdivisions (a) and (e) of rule 3212 and rule 4401 of the Civil Practice Law and Rules which are alleged to be applicable to a condemnation proceeding in New York City under the terms of subdivision (b) of section 103 and subdivision (b) of rule 409 of the Civil Practice Law and Rules. Although the stipulation was signed in January, 1963, the motion was not made until December, 1963.
The court has come to the conclusion that the comprehensive provisions of the Administrative Code of the City of New York *1068 provide the exclusive method of payment of awards. Under that code, money may be paid to a claimant in a condemnation proceeding under one of four procedures:
(a) As a partial advance payment, if authorized by the Mayor (Administrative Code, § B15-29.0, as amd. by L. 1963, ch. 100, § 259);
(b) Under a separate and partial final decree, after agreement by the parties to settle the amount of compensation and to waive a hearing of objections and the issuance of a tentative decree (Administrative Code, § B15-23.1) ;
(c) Under a separate and partial final decree, after trial, if such type of decree is authorized by the Mayor (Administrative Code, § B15-21.0, as amd. by L. 1963, ch. 100, § 251);
(d) Under the single final decree after trial of all claims.
Inasmuch as none of the foregoing procedures is applicable in the case at bar, the motion for partial summary judgment must be denied. While that result may not appear to be entirely just, it is a matter for correction by the Legislature and not for judicial legislation. Motion denied.